PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED
AUG 29 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON SEBASTIAN SPARKS,<br><br>Defendant. | CASE NO. 2:16-CR-00095-JAM<br><br>PLEA AGREEMENT<br><br>DATE:<br>TIME:<br>COURT: Hon. JOHN A. MENDEZ |

## I. INTRODUCTION

### A. Scope of Agreement.

The indictment in this case charges the defendant with a violation of 18 U.S.C. § 2252(a)(2). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the

government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to the sole count in the indictment: Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

####   1.   Remand.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will be remanded into custody upon the entry of his plea.

### B.   Restitution.

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims

affected by this offense, including, but not limited to, the victims covered in the factual basis and other victims as a result of the defendant's conduct for the offenses charged from the periods of on or about March 3, 2015 through on or about October 15, 2015. Typically, when restitution is ordered, it is up to approximately $5,000 per known victims. The amount of restitution, however, may vary.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

C. **Fine.**

The defendant agrees to pay a fine if the Court so orders.

D. **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

E. **Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1)

to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253. Those assets include, but are not limited to, the following:

    1. One desktop computer with no make, model, or serial number, that contains a

PLEA AGREEMENT 4
United States v. Jason Sparks, 16-cr-00095

1  Seagate Barracuda 7200 hard drive with serial number 6VPGSAAS and

2         2.     A LG Nexus 4 cell phone, serial number 01BEB5FA198867B9.

The defendant agrees that the listed assets were used and intended to be used to commit and to promote the commission of a violation of 18 U.S.C. § 2252(a)(2).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

G.    **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E

PLEA AGREEMENT             5
United States v. Jason Sparks, 16-cr-00095

above.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), VI.B (Stipulations Affecting Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B. Recommendations.

1. Incarceration Range.

The government will recommend that the defendant be sentenced to the low-end of the applicable guideline range (including the application of the mandatory statutory minimum term) as found by the Court.

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

PLEA AGREEMENT
United States v. Jason Sparks, 16-cr-00095

6

IV. **ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2):

First, that the defendant received one or more visual depictions;

Second, that the production of the visual depiction(s) involved the use of a minor engaged in sexually explicit conduct;

Third, that the visual depiction was of that sexually explicit conduct;

Fourth, that either:

    a.    The defendant used a means and facility of interstate or foreign commerce to receive the visual depiction(s); or

    b.    The visual depiction(s) had been shipped or transported in interstate or foreign commerce; and

Fifth, that the defendant knowingly received the depiction(s) and knew that they were of a minor.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

V. **MAXIMUM SENTENCE**

A. **Maximum Penalty.**

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a lifetime period of supervised release and a special assessment of $100 if the defendant is indigent or a special assessment of $5,100 if the defendant is a non-indigent person. Pursuant to statute, conviction carries a mandatory minimum sentence of 5 years of incarceration and 5 years of supervised release. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

B. **Violations of Supervised Release.**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 additional years of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than 5 years imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exceptions contained therein.

## VI. SENTENCING DETERMINATION

A. **Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

B. **Stipulations Affecting Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: **22** (USSG § 2G2.2(a)(2))

2. Special Offense Characteristics:

   a. **Two** level are subtracted because (1) USSG § 2G2.2(a)(2) applies, and the evidence to date shows that (2) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and (3) the defendant did not intend to traffic in, or distribute such material (§ 2G2.2(b)(1))

   b. **Two** levels are added because the material involved at least one prepubescent minor (USSG § 2G2.2(b)(2))

   c. **Four** levels are added because the offense involved material that depicted the sexual abuse or exploitation of an infant or toddler (USSG § 2G2.2(b)(4)(B))

   d. **Five** levels are added because the defendant engaged in a pattern of sexual abuse or exploitation of a minor (USSG § 2G2.2(b)(5)

   e. **Two** levels are added because the offense involved the use of a computer (USSG § 2G2.2(b)(6))

   f. **Five** levels are added because the offense involved more than 600 images (USSG § 2G2.2(b)(7))

3. Victim-related Adjustments: None

4. Adjusted Offense Level: **38** (before acceptance of responsibility)

5. Acceptance of Responsibility: *See* paragraph III.B.2 above

6. Criminal History: The defendant's criminal history category will be determined by the Court.

7. Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Both parties further agree to recommend to the Court a sentence at the low-end of the advisory guideline range as determined by the Court.

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

PLEA AGREEMENT  10
United States v. Jason Sparks, 16-cr-00095

investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of CA Penal Code section 290 et seq. Defendant further

understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

IX.     **APPROVALS AND SIGNATURES**

A.      **Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 8/24/17

JEROME PRICE
Attorney for Defendant

B.      **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8/24/17

JASON SEBASTIAN SPARKS
Defendant

C.      **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: August 29, 2017

PHILLIP A. TALBERT
United States Attorney

SHELLEY D. WEGER
Assistant United States Attorney

PLEA AGREEMENT                              13
United States v. Jason Sparks, 16-cr-00095

EXHIBIT "A"

Factual Basis for Plea

On approximately March 3, 2015, law enforcement identified a computer at the defendant's residence in Oroville, California, that accessed Playpen, a hidden bulletin board and website dedicated to the advertisement and distribution of child pornography that operated on the Tor anonymity network. The individual accessed Playpen using an account with the username "Crazycats" and an Internet Protocol ("IP") Address registered to the defendant's Oroville residence.

On October 15, 2015, law enforcement executed a search warrant at the defendant's residence. During the search, agents identified a desktop computer and a cell phone both of which belonged to the defendant and contained files depicting child pornography. The defendant's desktop computer contained a Seagate hard drive bearing a manufacturing label that reads "Product of China." A forensic review of the defendant's computer showed that the Tor network was installed on the defendant's hard drive and that the defendant used the Tor network to download approximately 22 videos of child pornography onto his desktop computer's hard drive between approximately September 26, 2015 and October 14, 2015. The files of child pornography downloaded from the Tor network include, but are not limited to the following:

1. Babyski Kanga 005 3Yo (hard).avi – this is a 1 minute and 52 second color video with sound. Throughout the video, a girl who is approximately three-years old is heard crying as she is held down on her back with her legs held over her head while an adult male vaginally penetrates her with his erect penis. The adult male then flips the girl on her stomach and continues penetrating the girl with his penis from behind.

2. Lis mama y culea en 4.wmv – this is a seven minute and four second color video with sound. The video shows an approximately four-year old girl performing oral sex on an adult male's penis. The adult male then places the girl in a kneeling position with her face and shoulders down on the bed. The child's genital area and buttocks are in the air. The male exposes her buttocks and vagina to the camera, licks her anus, rubs his erect penis against her vagina and buttocks, and penetrates the girl from behind. The little girl is heard crying during approximately the last minute of the video.

3. NEW2011Julia_8yo_Lisa_4yo_Mike_7yo_Lara_8yo_suck_fuck_cumshot.avi – this is a

twenty-three minute and fifteen second color video with sound. It is a compilation of primarily videos edited together with approximately 33 photos. The various clips show one adult male, one prepubescent male, and three different prepubescent females, including one that appears to be approximately four years old, performing various sex acts on one another, including vaginal, anal, and oral intercourse. This video was identified to be part of the "cooldaddy" series of child pornography, which was made outside of the state of California in the country of Spain.

Other files of child pornography found on the defendant's computer were also produced outside of the state of California, including child pornography from the MonkeyBedding series produced in the state of Pennsylvania, and child pornography from the ShirtPlaid series produced in the state of Texas. The internet is a means and facility of interstate and foreign commerce.

In a statement, the defendant admitted to: (1) searching for images of child pornography on the internet using the search term "PTHC," which the defendant knew to mean "pre-teen hard core"; (2) accessing Playpen with the username "Crazycats"; and (3) downloading files that he knew contained child pornography via the internet and specifically, the Tor network. The defendant further admitted that he would transfer some of the files of child pornography that he downloaded from the internet to his cell phone. Approximately nine videos depicting child pornography found on the defendant's desktop computer were also found on the defendant's cell phone, including each of the videos identified above.

I have reviewed the Factual Basis above and adopt it as true and correct.

Dated: August 24, 2017

JASON SPARKS
Defendant